UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| BRENT VINSON & BRANDY VINSON, Husband & Wife,  and BRANDY VINSON, Mother & Next Friend of C.A.V, a Minor and C.R.V., a Minor<br><br>          Plaintiffs<br><br>          v.<br><br>CHAMPAIGN COUNTY, ILLINOIS, an Illinois Local Governmental Entity,  DAN WALSH, Sheriff of Champaign County in His Individual & Official Capacities, DAVID SHERRICK, Detective of Champaign County Sheriff's Department, in His Individual Capacity TONY SHAW, Deputy Sheriff of Champaign County, Illinois in His Individual Capacity, VERMILLION COUNTY, ILLINOIS, a Local Governmental Entity; PATRICK HARTSHON, Sheriff of Vermillion County, in His Individual & Official Capacities, JERRY DAVIS, Deputy  Sheriff of Vermillion County, Illinois in His Individual Capacity;<br><br>          Defendants | Case No. 12-2099<br><br>**JURY DEMAND** |

## COMPLAINT

Now come the Plaintiffs, Brent Vinson & Brandy Vinson, Husband & Wife,  and Brandy Vinson, Mother & Next Friend of C.A.V, a Minor and C.R.V., a Minor, and complaining of the Defendants, Champaign County, Illinois, an Illinois Local Governmental Entity,  Dan Walsh, Sheriff of Champaign County in His

1

Individual & Official Capacities, David Sherrick, Detective of Champaign County Sheriff's Department, in His Individual Capacity Tony Shaw, Deputy Sheriff of Champaign County, Illinois in His Individual Capacity, Vermillion County, Illinois, a Local Governmental Entity; Patrick Hartshon, Sheriff of Vermillion County, in His Individual & Official Capacities, Jerry Davis, Deputy Sheriff of Vermillion County, Illinois in His Individual Capacity for their claims state:

## I.
## Jurisdiction & Venue

1. Jurisdiction over the claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, is founded under 28 U.S.C. § 1343 (a)(4). Supplemental jurisdiction exists to hear the state claims is founded under 28 U.S.C. § 1367 (a).

2. Plaintiffs, Brent Vinson, Brandy Vinson, Individually and as Mother & Next Friend of C. A.V. and C.R.V., a Minor are residents of Vermillion County, Illinois. The events complained of occurred in Vermillion Counties, Illinois. Venue is founded in the Central District of Illinois under 28 U.S.C. § 1391. This case is assigned to the Urbana Division of this Court under Local Rule 40.1.

3. The occurrence complained of happened on **June 11, 2009** in Champaign County, Illinois and **June 4, 2009** in Vermillon County, Illinois.

## II.
## Parties

4. Brent Vinson is the owner of a house and lot located at Oakwood, Vermillion County, Illinois. He is married to Brandy Vinson who resides with him

there along with the couples minor children, C.A.V. and C.R.V. and an infant born six months after the June 11, 2009 occurrence. Brandy Vinson brings her Individual claims and as Mother & Next Friend of C.A.V, a female Minor, asserts the claims of her female daughter now aged 16 born 1995, who was 14 years old at the time of the occurrence and also as Mother & Next Friend, the claims of C.R.V., a male Minor now aged 11 born 2000, who was 9 years of age at the time of the occurrence.

5. Champaign County, Illinois, is a local governmental entity organized and existing as a political subdivision of the State of Illinois. Champaign County is joined as a necessary party under Fed.R.Civ.Proc. 19 as it is the local governmental entity obligated to pay any settlement or judgment against the Sheriff, Sheriff's Deputy, for conduct in the scope of their employment under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 765 ILCS 10/9-102 (2008).

6. Dan Walsh, Sheriff of Champaign County is the duly elected and appointed Sheriff of Champaign County, Illinois who was at all times material acting in the scope of his employment under color of state law. He is sued in His Individual & Official Capacities,

7. David Sherrick, Detective of Champaign County Sheriff's Department, was at times material acting in the scope of his employment under color of state law. He is sued in His Individual Capacity.

8. Tony Shaw, Detective of Champaign County Sheriff's Department, was at times material acting in the scope of his employment under color of state law. He is

sued in His Individual Capacity.

9. Tony Shaw, Deputy Sheriff of the Champaign County Sheriff's Department was at all times material acting in the scope of his employment under color of state law. He is sued in His Individual Capacity.

10. Vermillion County, Illinois, is a local governmental entity organized and existing as a political subdivision of the State of Illinois. Vermillion County is joined as a necessary party under Fed.R.Civ.Proc. 19 as it is the local governmental entity obligated to pay any settlement or judgment against the Sheriff and Sheriff's Deputy for conduct in the scope of their employment under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 765 ILCS 10/9-102 (2008).

11. Patrick Hartshon, Sheriff of Vermillion County, is the duly elected and appointed Sheriff of Vermillon County, Illinois who was at all times material acting in the scope of his employment under color of state law. He is sued in His Individual & Official Capacities,

12. Jerry Davis, Deputy Sheriff of Vermillion County, Illinois was at times material acting in the scope of his employment under color of state law. He is sued in His Individual Capacity.

### III.
### The Incident

13. Brandy Vinson is the daughter of Ron Olson and Cindy Olson. She is married to Brent Vinson. Detective Sherrick and Officer Shaw of the Champaign County, Illinois Sheriff's Department completed a search of the residence and buildings

of Ron Olson near Royal, Illinois on June 4, 2009 under a search warrant issued by the Circuit Court of Champaign County, Illinois.

14.     Sherrick and Shaw were investigating Ron Olson for theft of a trailer and lawn mowers from Christopher Buhr and Marie Buhr.

15.     No facts or information existed before or was obtained in the June 4, 2009 search of the Ron Olson premises that would lead a reasonable police officer to believe that Brent Vinson, Brandy Vinson or their minor children had anything to do with the thefts for which Detective Sherrick and Officer Shaw were investigating Ron Olson.

16.     After completion of the search of Ron Olson's premises under the search warrant, Detective Sherrick and Officer Shaw contacted Officer Jerry Davis of the Vermillion County, Illinois Sheriff's Department and asked him to meet them at the Vinson house and lot in Oakwood, Vermillion County, Illinois to search the Vinson premises.

17.     On approximately 3:30 p.m. on June 4, 2009, Officers Sherrick and Shaw Officers Sherrrick and Shaw in plainclothes and an unmarked vehicle and Officer Jerry Davis of the Vermillion County Sheriff's Department in plainclothes and an unmarked vehicle then drove to the Vinson residence about 15 miles away from the Olson Royal residence, which is located in Vermillon County.

18.     C.A.V., who was 14 years old at the time, was returning to the house after checking the mailbox. Officers Sherrick and Shaw and Officer Davis in their unmarked vehicles entered the lane to the Vinson house and without announcing themselves as

police officers drove up the lane and turned into the driveway of the Vinson house driving their vehicles up to driveway toward the garage which was attached to the house and then exiting their vehicles.

19. C.A.V. saw two vehicles occupied by men whom she did not know; this caused her a great amount of fear. C.A.V went to the back of the house and entered through the back screen and shut and locked the back door. C.A.V. made sure her 9 year old brother was upstairs. She then telephoned her mother Brandy Vinson at her place of work and told her two vehicles occupied by strange men had come to the house. While C.A.V. was talking on the telephone to her mother she observed one of the officers in plainclothes, strangers who C.A.V. did not know, who had yet to identify themselves looking through the window inside the house.

20. C.A.V. told her mother Brandy Vinson a man was looking in the window, which caused both C.A.V. and Brandy Vinson who was in a high risk pregnancy substantial distress.

21. The officer after staring inside the house told C.A.V. he was a police officer and said he had to conduct a search of the house. The office and the two others present on the premises walking around the house within the curtiliage, Detective Sherrick, Officer Shaw, and Officer Davis each knew they did not have a search warrant and knew there were no exigent circumstances that justified a search of the Vinson home or its curtilage.

22. C.A.V. complied with the officer's statement, went upstairs with her

brother and watched them out the window while they searched the garage attached to the house and curtilage of the house. Officers Sherrick and Shaw of Champaign County and Officer Davis of Vermillion County completed their search and left the Vinson premises.

## IV.
## Plaintiff's Claims

### A.     Constitutional & Statutory Provision Involved

23.     There was in full force and effect the following constitutional provisions and statute of the United States, namely:

### Constitution of the United States

**Amendment IV. Search and Seizure**

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

**Civil Rights Act of 1871, 42 U.S.C. § 1983**

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileged or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress...

### B.     Federal Claims

24.     Brent Vinson is the owner of the house and lot at 12683 Kickapoo Road, Oakwood, Vermillion County, Illinois which he occupies as a residence with his spouse,

Brandy Vinson, and their two minor children, C.A.V., a female Minor and C.R.V., a male Minor. Officers Sherrick and Shaw of Champaign County and Officer Jerry Davis of Vermillion County entry and search of the curtilage of the housepremises and residence Oakwood, Vermillion County, Illinois on June 4, 2009 was an unreasonable search and seizure without a warrant and without probable cause in deprivation of their Fourth Amendment rights.

25. Champaign County is responsible for payment of any settlement of judgment for the conduct of Officers Sherrick and Shaw under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 765 ILCS 10/9-102 (2008).

26. Vermillion County is is responsible for payment of any settlement of judgment for the conduct of Officers Sherrick and Shaw under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 765 ILCS 10/9-102 (2008).

**C.     State Law Claims**

27. The conduct of defendants, Detective Sherrick and Officer Shaw and Officer Davis set forth in Part III above in entering the Vinson premises is a common law trespass.

28. Detective Sherick and Officer Shaw were acting in the scope of their employment for Champaign County Sheriff Walsh.  Sheriff Walsh is liable for the trespass of Sherrick and Shaw under common law respondeat superior.

29. Officer Davis was acting in the scope of his employment for Vermillion County Sheriff Hartshorn. Sheriff Hartshorn is liable for the trespass of Davis under

common law respondeat superior.

30. Champaign County is responsible for payment of any settlement of judgment for the conduct of Officers Sherrick and Shaw under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 765 ILCS 10/9-102 (2008).

31. Vermillion County is is responsible for payment of any settlement of judgment for the conduct of Officers Sherrick and Shaw under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 765 ILCS 10/9-102 (2008).

## V.
## Relief Requested

32. As a direct and proximate result of the unreasonable search and common law trespass of the Vinson residence by Officers Sherrick and Shaw of the Champaign County Sheriff's Department and Officer Jerry Davis of the Vermillion County Sheriff's Department in deprivation of their Fourth Amendment rights, Brandy Vinson Individually has undergone extreme mental distress with physical pain and suffering aggravated by the high risk pregnant state she was in; further C.A.V., a female minor and C.R.V. a male minor suffered mental distress with pain and suffering; Brent Vinson has also suffered mental distress and pain and suffering.

33. The conduct of Officers Sherrick and Shaw and Officer Davis is such that for the purposes of punishment and by way of example, the Vinson plaintiffs are entitled to an award of punitive damages.

34. The Vinsons have and will incur attorney's fees and expenses in the prosecution of this action for which they are entitled to recovery as a prevailing plaintiff

under 42 U.S.C. § 1988.

## VI.
## Prayer for Relief

**WHEREFORE**, Plaintiffs pray for judgment in their favor in the following particulars:

1. In favor of the Plaintiffs, BRENT VINSON, BRANDY VINSON, Husband & Wife and BRANDY VINSON, Individually and as Mother & Next Friend of C.A.V., a Minor, and C.R.V., a Minor, and against the Defendants, CHAMPAIGN COUNTY, ILLINOIS , a Local Governmental Entity, DAN WALSH, Sheriff of Champaign County, Illinois in his Individual and Official Capacities, DAVID SHERRICK, Detective of Champaign County, Sheriff's Department, in His Individual Capacity, TONY SHAW, Deputy Sheriff of Champaign County, Illinois in His Individual Capacity, VERMILLION COUNTY, ILLINOIS, an Illinois Local Governmental Entity, PATRICK HARTSHON, Sheriff of Vermillion County, in his Individual and Official Capacities, JERRY DAVIS, Deputy Sheriff of Vermillion County, Illinois in His Individual Capacity in the amount of TWO HUNDRED THOUSAND FIFTY THOUSAND DOLLARS ($250,000).

2. In favor of the Plaintiffs BRENT VINSON, BRANDY VINSON, Husband & Wife and BRANDY VINSON, Individually and as Mother & Next Friend of C.A.V., a Minor, and C.R.V., a Minor, and against the Defendants, DAVID SHERRICK, Detective of Champaign County, Sheriff's Department, in His Individual Capacity, TONY SHAW, Deputy Sheriff of Champaign County, Illinois in His Individual Capacity, JERRY DAVIS, Deputy Sheriff of Vermillion County, Illinois in His Individual Capacity jointly and severally for punitive damages in the amount of FIFTY THOUSAND DOLLARS ($50,000).

3. An award of attorney's fees and expenses in favor of Plaintiffs as a part of costs under 42 U.S.C. § 1988.

**PLAINTIFFS DEMANDS A TRIAL BY JURY**

        Respectfully submitted,

        s/ Richard L. Steagall
        RICHARD L. STEAGALL,
        Attorney for the Plaintiffs

RICHARD L. STEAGALL
RYAN S. McCRACKEN
Nicoara & Steagall
416 Main Street, Suite 815
Commerce Building
Peoria, IL 61602-1115
309-674-6085
Fax 309-674-6032
nicsteag@mtco.com